916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo OTERO, Defendant-Appellant.
 No. 90-1839.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 18, 1990.
 
 COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 I.
 
 1
 Gustavo Otero brings this direct appeal from his criminal conviction entered in the district court following a trial by jury.[1] Otero challenges his conviction on the ground that the district court judge improperly admitted testimony in violation of Federal Rule of Criminal Procedure 16(a)(1)(A).
 
 
 2
 The appellant was charged with seven co-defendants for conspiring to possess and distribute marijuana in violation of 21 U.S.C. Sec. 846. During the jury trial, the United States Attorney introduced the testimony of co-defendant Winston Vidiella-Lopez concerning incriminating statements made by the defendant while both were incarcerated at the Metropolitan Correction Center in Miami, Florida, in October, 1989. On two occasions Otero the appellant approached Vidiella-Lopez. First, Otero asked Vidiella-Lopez not to testify. At the second meeting, Otero stated that he was going to plead guilty and provide additional information concerning the drug conspiracy to the federal authorities. On both occasions, the statements that were made to Vidiella-Lopez were oral and were never written or recorded.
 
 II.
 
 3
 Otero contends that the failure of the government to notify the defense in advance of Vidiella-Lopez's testimony constitutes a violation of Rule 16 of the Federal Rules of Criminal Procedure.[2] This court reviews challenges to Rule 16 decisions under the clearly erroneous standard. The appellant must establish that the district court's ruling was an error prejudicial to his substantive rights. U.S. v. Paiz, 905 F.2d 1014, 1027 (7th Cir.1990).
 
 
 4
 In order for these oral statements to be discoverable under Rule 16(a)(1)(A), Otero must show that Vidiella-Lopez was a government agent who interrogated the defendant. In this case, the undisputed testimony establishes that it was Otero who approached Vidiella-Lopez and initiated the conversations that resulted in his admissions of guilt. The United States Supreme Court has defined interrogation as words or actions initiated by law enforcement agents that are "reasonably likely to elicit an incriminating response." Pennsylvania v. Muniz, --- U.S. ----, 110 S.Ct. 2638, 2650 (1990). The term 'interrogation' does not include instances, such as this, in which the defendant initiated the conversation. Even in a custodial setting, absent words or actions designed to elicit an incriminating response from a defendant, any statements made by the defendant are considered voluntary. Muniz, supra, --- U.S. at ----. 110 S.Ct. at 2651. There is ample evidence in the record to support the district court's finding that the defendant's statements to Vidiella-Lopez were voluntary, not the result of interrogation.
 
 
 5
 Otero also contends that Vidiella-Lopez acted as a government agent. Otero provides no support for this assertion. Because it is clear that Otero was not interrogated, we need not decide this issue. For these reasons, the decision of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 This court properly has jurisdiction over this appeal pursuant to Federal Rule of Appellate Procedure 4(b). Both the appellant and appellee provided incorrect jurisdictional statements. The judgment and sentence dated March 30, 1990, was entered on the docket April 12, 1990. Therefore, the Notice of Appeal dated April 10, 1990, is treated as filed in this court on April 12, 1990
 
 
 [2]
 Rule 16
 (a) Disclosure of Evidence by the Government.
 (1) Information Subject to Disclosure.
 (A) Statement of Defendant. Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, ...